1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  A.B. CONCRETE COATING INC.,                  No. 2:20-cv-211-EFB
12                     Plaintiff,
13          v.                                   ORDER
14  WELLS FARGO BANK, NATIONAL
    ASSOCIATION; and DOES 1-50,
15  inclusive,
16                     Defendants.
17
18      This case is before the court on defendant Wells Fargo Bank, N.A.'s ("Wells Fargo")

19  motion to dismiss plaintiff A.B. Concrete Coating Inc.'s complaint for failure to state a claim

20  pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1]  ECF No. 7.  For the following

21  reasons, defendant's motion is granted.[2]

22  /////

23  /////

24  --------

   [1] This case was reassigned to the undersigned pursuant to the parties' consent. ECF No.
25  9; *see* 28 U.S.C. § 636(c).

26  
   [2] Because the court determined that oral argument would not materially assist in the
27  resolution of the defendant's motion, it was ordered submitted on the briefs. *See* E.D. Cal. L.R.
    230(g).
28
                                                 1

I. Background

Plaintiff originally commenced this action in the California Superior Court for the County of Placer. ECF No. 1. The complaint alleges that in December 2018, plaintiff discovered that Amber Clark, plaintiff's former volunteer bookkeeper, had been writing company checks made payable to herself and her husband, Kai Clark. *Id*. ¶¶ 8-9. The Clarks allegedly forged the signature of plaintiff's owner, Brian Fenno, and then cashed the checks at various Wells Fargo branches located in Placer County, California. *Id*. In all, Ms. Clark cashed checks totaling $482,244,76, while her husband cashed checks totaling an additional $32,939.66. *Id*. In January 2019, plaintiff notified defendant that forged company checks had been cashed at its branches. *Id*. ¶ 10. Wells Fargo allegedly responded by informing plaintiff it should seek reimbursement from the Clarks. *Id*.

The complaint alleges the following eight claims: (1) conversion under California Commercial Code § 3420, (2) fraud, (3) breach of contract, (4) constructive trust, (5) breach of fiduciary duty, (6) declaratory relief, (7) preliminary and permanent injunctive relief, and (8) negligence. *Id*. at 9-17.

Defendant timely removed the case to this court on the basis of diversity jurisdiction. ECF No. 1. It now moves to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 7.

II. Rule 12(b)(6)'s Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

III. Discussion

Defendant argues that plaintiff's complaint must be dismissed because plaintiff, a dissolved corporation, lacks the capacity to bring this action. ECF No. 7 at 4-6. Defendant further argues that dismissal is appropriate because each of plaintiff's claims are deficiently plead. *Id*. at 6-15.

A. Plaintiff's Capacity to Sue

Defendant's argument that a dissolved corporation lacks the capacity to bring suit is predicated on its contention that under California law a corporation may only bring an action related to winding up its affairs. According to defendant, because plaintiff's certificate of dissolution, executed prior to commencement of this action, verified that the corporation was completely wound up, California law precludes plaintiff from bringing this action. ECF No. 7 at 4-6.

A corporation's capacity to bring suit in federal court is determined "by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). Under California law, a dissolved corporation

3

"continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof." Cal. Corp. Code § 2010(a). "Thus, a corporation's dissolution is best understood not as its death, but merely as its retirement from active business." *Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180, 1190 (1991).

Here, plaintiff filed a certificate of dissolution with the California Secretary of State in April 2019, prior to commencing this action.[3] Def.'s Req. Judicial Notice (ECF No. 8), Ex. 1. As required by California law, plaintiff's certificate of dissolution verified that all known assets had been distributed and the corporation was completely wound up. *Id.*; *see* Cal. Corp. Code § 1905(a). In light of that verification, defendant contends that plaintiff cannot reasonably claim this action is brought for the purpose of winding up the corporation's affairs. ECF No. 7 at 5. This is especially true, according to defendant, because the plaintiff knew of the alleged forgeries in December 2018, several months prior to filing its certificate of dissolution. *Id.*

Defendant's reliance on the verification in plaintiff's certificate of dissolution is misplaced. For a corporation to voluntarily dissolve, it is required to file with the California Secretary of State a certificate of dissolution verifying "the corporation has been fully wound up." Cal. Corp. Code § 1905(a); *see* Cal. Corp. Code § 1905.1 ("[T]he corporation shall be dissolved as of the date of filing the certificate of dissolution."). After filing a certificate of dissolution, a corporation's existence ceases "except for the limited purpose of further winding up of its affairs." *Catalina Invs. Inc. v. Jones*, 98 Cal. App. 4th 1, 7 (2002) (emphasis in original). Thus, the filing of the certificate of dissolution only marked the end of plaintiff's normal business activities, not the completion of its winding-up process, as defendant contends. Indeed, the California Corporations Code specifically provides that "[a]ny assets inadvertently or otherwise omitted from the winding up continue in the dissolved corporation for the benefit of the persons

---

[3] The court grants defendant's request for judicial notice of plaintiff's certificate of dissolution filed with the California Secretary of State. ECF No. 8; *see Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 364 F. Supp. 3d 1061, 1083 (N.D. Cal. 2019) (taking judicial notice of documents filed with the secretary of state).

entitled thereto . . . ." Cal. Corp. Code. § 2010(c); *see L A Ramco Jewelry Company Inc. v. Chase Bank USA NA*, 2012 WL 13013416, *3 (C.D. Cal. July 10, 2012) (rejecting argument that a dissolved corporation lacked capacity to bring suit to recover debt because the debt was not disclosed in the corporation's certificate of dissolution).

Through this action plaintiff seeks to recover damages for injuries it sustained prior to dissolution and, thus, it is part of the winding-up process. *See Penasquitos*, 53 Cal.3d at 1180, (1991) ("a claim for damages based on the corporation's predissolution activities is an affair of the corporation needing to be wound up after the corporation's normal business activities have ceased. Participating in a judicial resolution of such claims is part of the winding-up process for which section 2010 expressly requires the dissolved corporation's existence to continue."). Accordingly, plaintiff has the capacity to bring this case.

B.  Plaintiff's Claims

1.  Conversion

Plaintiff alleges that defendant, as the collecting bank, is liable for conversion based on its acceptance and cashing of the fraudulently endorsed checks. ECF No. 1 ¶ 13. Defendant argues that plaintiff's conversion claim fails because plaintiff, as the "issuer" of the checks, is precluded from asserting a conversion claim under California Commercial Code § 3420. ECF No. 7 at 6-7.

"An instrument is . . . converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." Cal. Com. Code § 3420(a). A claim for conversion of an instrument may be not be asserted by "the issuer or acceptor of the instrument . . . ." Cal. Com. Code § 3420(a). The California Commercial Code defines an "issuer" as the maker or drawer of the check. Cal. Com. Code 3105(c). In turn, a "drawer" is defined as the "person who signs or is identified in a [check] as a person ordering payment." Plaintiff's claim is predicated on the conversion of its company checks. ECF No. 1 ¶¶ 8-9. Accordingly, it is the issuer of the instrument and therefore may not bring a conversion claim pursuant to California Commercial Code § 3420(a).

/////

Citing to *Tedesco v. Crocker National Bank*, 148 Cal. App. 3d 1211, 1215-1216 (1983), plaintiff argues that it may assert a claim against a collecting bank that pays on a forged endorsement. While the holding in *Tedesco* supports plaintiff's proposition, that decision has been criticized for its failure to acknowledge the distinction drawn in California's Commercial Code between payees and drawees. *See Sehremelis v. Farmers & Merchant Bank*, 6 Cal. App. 4th 767, 776 (1992) ("We cannot follow [*Tedesco*] . . . because the opinion simply fails to distinguish the rules and relationships respectively applicable to payees and drawers." Indeed, the U.S. Court of Appeals for the Ninth Circuit, has specifically declined to follow *Tedesco*, finding the contrary holding in *Sehremelis* more persuasive. *See Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1559-54 (9th Cir. 1996) ("We find that the California Supreme Court would follow *Sehremelis* and *Allied* and hold that a drawer does not have a cause of action for conversion against a collecting bank."). Because the California Supreme Court has not resolved the divide between *Tedesco* and *Sehremelis*, this court is bound to follow the Ninth Circuit's interpretation of California law. *Pershing Park Villas Homeowner Ass'n v. United Pacific Ins. Co.*, 219 F.3d 895, 903 (2000). Therefore, under *Lewis* plaintiff is precluded from asserting its conversion claim. Accordingly, that claim must be dismissed for failure to state claim. Furthermore, this claim cannot be saved by amendment. Accordingly, the dismissal is without leave to amend. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.* 499 F.3d 1048, 1056 (9th Cir. 2007); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

        2.    <u>Fraud</u>

To state a claim for fraud, a plaintiff must plead facts specifically demonstrating "(a) misrepresentation; (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003). Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Fed. R. Civ. P. 9(b). Thus, "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quotations omitted); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" (citation and quotation marks omitted).). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted and modification in original).

The complaint's minimal allegations are insufficient to meet this standard. Plaintiff alleges that the Clarks cashed multiple checks, totaling $515,184.42, at various Wells Fargo branches in Placer County, California. ECF No. 1 ¶¶ 8-9. It further claims that the defendant had actual or constructive knowledge that the checks were fraudulent—and was therefore complicit in the alleged fraudulent activity—based "on the large volume of forged checks" that were cashed. *Id.* ¶ 17. But the complaint does not specify the number of checks that were cashed, the dates on which they were cashed, nor the branch location that processes the transaction. But more significantly, the complaint does not allege facts establishing a misrepresentation that could be fairly attributable to plaintiff. Accordingly, plaintiff's fraud claim is dismissed with leave to amend. *In re Daou Systems, Inc.* 411 F. 3d 1006, 1013 (9th Cir. 2005) ("Dismissal without leave to is improper unless it is clear . . . that the complaint could not be saved by any amendment.")

3. Breach of Contract

To state a claim for breach of contract under California law, plaintiff must allege (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and (4) damages flowing from the breach. *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). This requires plaintiff to plead the specific terms of the contract or the contract's legal effect. *N. County Commc'ns Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112,

1122 (S.D. Cal. 2010) (quoting *Mckell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)). At a minimum, "[t]he complaint must identify the specific provision of the contract allegedly breached by the defendant." *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) (citation omitted); *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, at *10 (N.D. Cal. Jan. 28, 2011) (plaintiff must allege sufficient facts "to allow the Court to draw a reasonable inference that [there was a] definite promise, supported by consideration, that would establish a binding and enforceable contract").

Plaintiff claims it entered into a written agreement with defendant under which the latter agreed "to act responsibly in handling, maintaining, and overseeing" plaintiff's bank account. ECF No. 1 ¶ 21. Defendant allegedly breached that agreement by allowing the Ms. Clarks to cash the fraudulently endorsed checks. *Id.* ¶ 22. Plaintiff also alleges it has performed all of its obligations under the contract, although plaintiff does not specify what those obligations entailed. *Id.* ¶ 23. Plaintiff's vague allegations are insufficient to establish the existence of an enforceable contract. *Iglesia Cristiana Luz y Verdad v. Church Mut. Ins. Co.*, 2016 WL 692839, at *10-11 (N.D. Cal. Feb. 19, 2016). Plaintiff does not allege when the contract was formed, nor the performance required of each party under the contract. In fact, the contract's nature or purpose cannot be discerned from plaintiff's minimal factual allegations. Accordingly, plaintiff's breach of contract claim is dismissed with leave to amend.

          4.      <u>Constructive Trust</u>

The complaint's fourth cause of action is styled as a claim for constructive trust. Defendant argues this claim must be dismissed because a constructive trust is a remedy, not an independent cause of action. ECF No. 7 at 11.

Under California law, "[a] constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner. The essence of the theory of constructive trust is to prevent unjust enrichment and to prevent a person from taking advantage of his or her own wrongdoing." *Campbell v. Superior Court*, 132 Cal. App. 4th 904, 920 (2005) (citations omitted). A constructive trust may be imposed where there is "(1) the existence of a res (property or some

8

1  interest in property); (2) the right of a complaining party to that res; and (3) some wrongful
2  acquisition or detention of the res by another party who is not entitled to it." *Id*.

3      Thus, plaintiff may seek a constructive trust as a form of relief for one or more of its
4  substantive claims, but that remedy is not an independent cause of action. *See Mattel, Inc. v.*
5  *MGA Entertainment, Inc.*, 616 F.3d 904, 908-09 (9th Cir 2010); *Yogman v. Galio*, 2013 WL
6  1287409, *4 (C.D. Cal. Mar. 25, 2013) (a constructive trust is a remedy used by a court of equity
7  to compel a person (who has possession of property to which he or she is not entitled) to transfer
8  it to the person who rightfully should have it. It is not a cause of action. Therefore, to the extent
9  that plaintiff has already alleged the basis for the imposition of such a constructive trust in one of
10 his other claims, all he need do is add the request for a constructive trust as a remedy sought in
11 that cause of action). Accordingly, this claim for constructive trust is dismissed without leave to
12 amend. Any amended complaint may request this form of relief in connection with a properly
13 plead substantive cause of action.

14     5.    <u>Breach of Fiduciary Duty</u>

15     Defendant seeks dismissal of plaintiff's breach of fiduciary duty claim, arguing that no
16 fiduciary relationship existed between the parties. ECF No. 7 at 12.

17     "A bank has limited duties to its customers. The relationship between the two is not
18 fiduciary, but rather is contractual in nature." *Simi Management Corp. v. Bank of America, N.A.*,
19 930 F. Supp. 2d 1082, 1100 (N.D. Cal. 2013) (citing *Casey v. U.S. Bank Nat. Assn.*, 127 Cal.
20 App. 4th 1138, 1150 (2005)). Consequently, banks do not owe a "duty to supervise account
21 activity or to inquire the purpose for which [account] funds are being used." *Grover v. Bay View*
22 *Bank*, 87 Cal. App. 4th 452, 456 (2001) ("The relationship of bank and depositor is founded in
23 contract.").

24     Citing *Barrett v. Bank of America*, 183 Cal. App. 3d 1362, 1369 (1986), plaintiff argues
25 that there is a quasi-fiduciary relationship between a bank and its depositor. In *Barrett*, the court
26 relied on the decision in *Commercial Cotton Co. v. United California Bank*, 163 Cal. App. 3d
27 511, 516 (1985) to conclude that a quasi-fiduciary relationship existed between a bank and its
28 loan customers. But five years after *Barrett* was decided, the state appellate court overturned its

prior holding in *Commercial Cotton*, finding that it was contrary to "well-established authority for the proposition that the relationship between a bank and its depositor is *not* a fiduciary relationship, but that of debtor-creditor." *Copesky v. Superior Court*, 229 Cal. App. 3d 678, 693 (1991) ("[W]e are convinced *Commercial Cotton's* characterization of a bank-depositor relationship as quasi-fiduciary is now inappropriate. . . . It is thus our conclusion that banks . . . are not fiduciaries for their depositors."). Thus, *Barrett's* holding that there is quasi-judiciary relationship between a bank and its depositors is no longer valid. Accordingly, this claim too must be dismissed with leave to amend.

                6.        Declaratory Relief

As with a constructive trust, declaratory relief is a remedy, not an independent cause of action. California Code of Civil Procedure § 1060 allows "[a]ny person interested under a written instrument" to seek a judicial declaration resolving "actual controversy related to the legal rights and duties of the respective parties . . . ." Declaratory relief "operates prospectively to declare future rights, rather than to redress pasts wrongs." *Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan*, 150 Cal. App. 4th 1487, 1497 (2007). If "a party has a fully matured cause of action for money, the party must seek the remedy of damages, and not pursue a declaratory relief claim." *Id*. Accordingly, declaratory relief is not intended "to furnish a litigant with a second cause of action for the determination of identical issues." *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324 (9th Cir. 1995).

Plaintiff's claim for declaratory relief seeks "a declaration as to whether" defendant's conduct "should result in an order requiring, among other things, that a pre-judgment attachment be issued and that" defendant "hold the stolen and converted corporation funds totaling $515,184.42 as constructive trustee for" plaintiff's benefit. ECF No. 1 at 15. This conclusory allegation does not demonstrate anything more than an attempt to assert an additional "cause of action for the determination of identical issues" in the other claims. *See Hood,* 33 Cal. App. 4th at 324. It appears from the complaint that plaintiff is asserting a fully matured cause of action for money and must therefore seek the remedy of damages rather than declaratory relief.

/////

Accordingly, plaintiff's claim for declaratory relief must be dismissed. Any amended complaint may include a request for a remedy of declaratory relief, which may or may not be available depending upon plaintiff's proof at trial.

### 7. Injunctive Relief

Plaintiff's seventh cause of action is styled as a claim for preliminary and permanent injunctive relief. As with the other remedies addressed above, injunctive relief is not an independent causes of action. *See McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997) (stating that "injunctive relief is a remedy and not, in itself a cause of action"); *Brown v. Wells Fargo Bank, N.A.*, 2019 WL 3318551, at *8 (E.D. Cal. July 24, 2019) ("A pleading can request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate."). Although plaintiff may request injunctive relief, it is not an independent cause of action. Rather, it is a remedy potentially available if plaintiff prevails on an underlying substantive cause of action.

### 8. Negligence

"The well-known elements of any negligence cause of action are duty, breach of duty, proximate cause and damages." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (2007). Under California law, a bank's duty of care derives from its contract with its customers. *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc*., 49 Cal. App. 4th 472, 479 (1996) ("In this case the banks' basic duty of care derives from the contract with their customer, accountholder Linda McDonald.").

The complaint does not allege any facts showing defendant owed any duty to plaintiff. Plaintiff only provides its unsupported conclusions that defendant is responsible for plaintiff's injury, and that defendant "negligently breached said duties of due care owed to" plaintiff. ECF No. 1 ¶ 43. Accordingly, plaintiff's negligence claim must also be dismissed with leave to amend.

### IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss the complaint (ECF No. 7) is granted.

    2.  Plaintiff's claim for conversion under California Commercial Code § 3420(a) is dismissed with prejudice, and all remaining claims are dismissed with leave to amend.

    3.  Not later than 21 days from the date this order is served, plaintiff may, but is not required to, file an amended complaint.

    4.  Failure to timely file an amended complaint will result in dismissal of this action.

DATED:  September 30, 2020.

                            EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE